# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD ERICKSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:08CV1313 CDP |
| GEORGE ROSS, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Donald Erickson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of Maplewood, George Ross (Police Officer, City of Maplewood), Martin Corcoran (City Manager, City of Maplewood), and Virgil Franklin (Building Inspector, City of Maplewood). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that in May 1999 defendant Ross began to harass plaintiff regarding plaintiff's use of a commercial property in Maplewood. Plaintiff claims that on separate occasions in 1999 Ross posted a sign on the property stating "Unfit for Human Occupancy"; plaintiff alleges that Ross also told plaintiff at this time that he was going to run plaintiff out of town. Plaintiff contends that the signs were posted on the property despite the fact that the property had passed the city inspection.

Plaintiff says on March 26, 2001, Ross charged plaintiff with "Using a Business Office for Residential Occupancy" in violation of the Maplewood municipal ordinances. Plaintiff claims that he moved to dismiss the claim nearly two years later on January 27, 2003. Plaintiff alleges that the court set the matter for a hearing but that the prosecutor dropped the charges one day before the hearing was scheduled.

Plaintiff states that on February 27, 2003, Ross filed a charge against plaintiff's landlord for allowing plaintiff to use rented commercial space as a residence. Plaintiff claims that he advised his landlord to sue the City of Maplewood and its employees.

Plaintiff alleges that on August 30, 2006, Ross charged plaintiff and his associate with "Using a Business Office for Residential Occupancy" for a second time. Plaintiff says that Ross arrested him for the charge and cuffed his hands behind his back for several hours. Plaintiff claims that he told Ross that the cuffs were hurting his hands and wrists but that Ross told him to "shut up." Plaintiff states that as a result of being cuffed his right wrist was twisted; plaintiff claims that a small bone in his right wrist "still sticks out and is . . . numb" to this day.

Plaintiff claims that on August 30, 2006, defendant Franklin placed signs on plaintiff's commercial property that stated "UNFIT FOR HUMAN OCCUPANCY" and that any person found on the property would be arrested for trespassing.

Plaintiff alleges that Ross also charged plaintiff's landlord with allowing plaintiff to live in a commercial property in conjunction with the August 30 notice. Plaintiff says that his lawyer evicted him from the property as a result of the charges.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) ("section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'"). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of Maplewood was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon

which relief can be granted against the City of Maplewood or the individually named defendants.

Additionally, section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Many of plaintiff's claims arise out of occurrences that took place more than five years before his complaint was filed. As a result, each of these claims are barred by the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of September, 2008.

_____
UNITED STATES DISTRICT JUDGE